IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY RAY THOMPSON,                    :
                    Plaintiff,           :
                    v.                   :   Case No. 3:09-cv-138-KRG-KAP
UNITED STATES OF AMERICA,                :
JUDGE KIM GIBSON and MAGISTRATE          :
JUDGE CATHY BISSOON,                     :
                    Defendants           :

Notice and Report and Recommendation

Recommendation

        Screening plaintiff's complaint prior to service pursuant
to 28 U.S.C.§ 1915A, I recommend that it be dismissed for failure
to state a claim.    28 U.S.C.§ 1915(e)(2)(B).

Report

        Plaintiff    has    filed    several    complaints    which    were
referred to me, Thompson v. Commonwealth, Case No. 3:05-cv-233-KRG-
KAP,    Thompson    v.    Commonwealth,    Case    No.    3:05-cv-238-KRG-KAP,
Thompson    v.    Beyer,    Case    No.    3:05-cv-345-KRG-KAP,    Thompson    v.
Bernstein,    Case    No.    3:05-cv-440-KRG-KAP,    and    a    number    of    habeas
corpus petitions which were referred to Judge Caiazza, Thompson v.
Commonwealth,    Case    No.    3:06-cv-2-KRG-FXC,    Thompson    v.    Cambria
County    Courthouse,    Case    No.    3:07-cv-38-KRG-FXC,    Thompson    v.
Department    of    Corrections,    Case    No.    1:06-cv-251-KRG-FXC,    or    to
Judge Bissoon, Thompson v. Sobina[1], Case No. 3:08-cv-146-KRG-CB.
His latest habeas corpus petition was unsuccessful, being dismissed
on May 12, 2009.

_____

1.    Sobina is the correct spelling.    The name is variously
misspelled throughout the pleadings in that case.

Plaintiff now files a civil complaint against the judge who ruled on his habeas petition and the Magistrate Judge who issued the Report and Recommendation recommending denial of the petition. Plaintiff seeks injunctive relief and damages for what he calls a denial of due process.

Plaintiff alleges that the decision in the latest habeas corpus matter is wrong. The forum for injunctive relief (i.e. reversal of the decision in this court) is the Court of Appeals for the Third Circuit: plaintiff should **promptly** petition that court for a certificate of appealability. Under the settled rule of absolute judicial immunity, plaintiff cannot sue a judge for damages for judicial acts, including the act of ruling against him. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435 (3d Cir.2000). Even allegations that judges were corrupt and malicious, see Pierson v. Ray, 386 U.S. 547, 553-54 (1967), or conspired together, see Moses v. Parwatikar, 813 F.2d 891 (8th Cir.), cert. denied, 484 U.S. 832 (1987), to rule improperly, would not overcome this immunity.

I recognize that I work for Judge Gibson and Judge Bissoon is a colleague. Under 28 U.S.C. §455(a), judges must recuse if a reasonable person with knowledge of the facts would question their impartiality. Jones v. Pittsburgh National Corp., 899 F.2d 1350, 1356 (3d Cir.1990). Judges are not, however,

2

required to presume bias because they (or their colleagues) are named as defendants in a suit where they are obviously immune. Bias must ordinarily come from an extrajudicial source, <u>Giles v. Garwood</u>, 853 F.2d 876, 878 (11th Cir.1988), <u>cert. denied</u>, 489 U.S. 1030 (1989), and not merely from presiding over litigation involving the plaintiff. I recognize that this requires judges to rule on cases in which they or colleagues are nominally parties, but the alternative is to declare open season for judge shopping and to permit litigants to shut down the court simply by naming enough judges as defendants. <u>See</u> <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir.1986). The better alternative is to decide the matter. <u>See</u> <u>Pilla v. American Bar Ass'n</u>, 542 F.2d 56 (8th Cir.1976).

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff is given notice that he has ten days to serve and file written objections to this Report and Recommendation. Plaintiff is further advised that he must provide a current inmate account statement and sign the attached Authorization under the Prison Litigation Reform Act authorizing the deduction of the full filing fee of $350.00 from his inmate account.

DATE: _June 1, 2009_

Keith A. Pesto,
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY RAY THOMPSON,              :
            Plaintiff,             :
      v.                           :    Case No. 3:09-cv-138-KRG-KAP
UNITED STATES OF AMERICA,          :
JUDGE KIM GIBSON and MAGISTRATE    :
JUDGE CATHY BISSOON,               :
            Defendants             :

## AUTHORIZATION

I, Anthony Ray Thompson, authorize the custodian of my
inmate account to withdraw and pay to the Clerk an initial filing
fee to be determined by the Court, based on the deposits to or
balance in my prison account, and, every time the balance in my
account exceeds $10.00, to withdraw and make monthly payments to
the Clerk of 20% of each preceding month's income to my account,
until the entire filing fee of $350.00 for the above captioned
action is paid.

DATE:_____        _____
                                      Anthony Ray Thompson


I, Anthony Ray Thompson, move to withdraw this action.


DATE:_____        _____
                                      Anthony Ray Thompson



Notice by U.S. Mail to:

        Anthony Ray Thompson GQ-6082
        S.C.I. Albion
        10745 Route #18
        Albion, PA 16475-0001

4